# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

MICHAEL LOVEE SWILLEY,

    Plaintiff,

v.

DR. FNU POPE, et al.,

    Defendants.

CIVIL ACTION NO.: 2:18-cv-27

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed his 42 U.S.C. § 1983 Complaint to contest certain events allegedly occurring while he was incarcerated at the Wayne County Jail in Jesup, Georgia. Doc. 1.[1] On April 5, 2018, the Court granted Plaintiff leave to proceed *in forma pauperis*. Doc. 3. The Court now conducts the requisite screening of Plaintiff's Complaint and supplements. 28 U.S.C. §1915A. For the following reasons, I find that Plaintiff's deliberate indifference claim against Defendant Pope is not frivolous and **ORDER** the United States Marshals Service to serve a copy of Plaintiff's Complaint and this Order on Defendant Pope. However, I **RECOMMEND** the Court **DISMISS** the remainder of Plaintiff's Complaint for failure to state a claim. If the Court adopts this recommendation, I also **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis* as to these dismissed claims.

---

[1]     Plaintiff subsequently notified the Clerk of Court via telephone that he was released from state custody. Dkt. Entry dated June 18, 2018. The Clerk instructed Plaintiff to provide written notification of his updated address, but Plaintiff has yet to do so.

**BACKGROUND**

In his Complaint, Plaintiff alleges that while in the Wayne County Jail, he suffered from two different medical conditions giving rise to his claims against Defendants. Doc. 1 at 12. First, he suffers from Crohn's disease, which he was initially diagnosed with during a previous stay at the Wayne County Jail in the 1990s. Id. at 4. Plaintiff was not being treated for this disease at the time he was most recently taken into custody. Id. at 12. Plaintiff claims, upon returning to the jail for his most recent incarceration, his disease flared up, but Defendant Pope refused to treat Plaintiff for the disease because she had no record of Plaintiff being diagnosed with that disease and he was not taking medication at the time that he was incarcerated. Id. at 5. Rather than giving Plaintiff treatment designed specifically for Crohn's disease, Dr. Pope prescribed anti-diarrhea medication which exacerbated Plaintiff's symptoms of "severe stomach cramps, fatigue, [diarrhea], and occasional blood in stool." Id. Plaintiff received this medication approximately three weeks after seeing Defendant Pope and continues to suffer the above-described symptoms. Id. at 12. Plaintiff also alleges that Defendant Food Services "could be responsible [for this flare-up] because of a poor dietary plan (no fruit)." Id. at 4.

The second medical condition that Plaintiff complains of is an abscessed tooth. Id. Plaintiff alleges that unidentified prison staff told him that he could not receive treatment for his tooth until he had been incarcerated for 90 days. Id.[2] Plaintiff claims that the lack of treatment made his mouth painfully swollen to the point that he took a sharp object and "burst it." Id. at 5. Plaintiff also alleges he attempted to file grievance forms concerning the lack of treatment for his Crohn's disease and abscessed tooth . Id. Defendant Johnson told Plaintiff to file a grievance on the kiosk, and when he received no response, Plaintiff asked for a formal grievance form. Id.

---

[2] Plaintiff notes that he does not "have the full name of all the individuals" because he was afraid to inquire as to their identities while incarcerated, out of fear of retaliation. Doc. 1 at 13.

at 7. Sergeants Blackmon and Johnson then informed Plaintiff that there was no formal grievance form, only the kiosk form that he completed. Id. at 7–8. Plaintiff requests compensatory damages from all Defendants and requests that Defendant Food Services be required to add fruit to detainees' meals. Id. at 5.

## STANDARD OF REVIEW

Plaintiff brings this action *in forma pauperis*. Pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleading contained in the Federal Rules of Civil Procedure when reviewing a Complaint on an application to proceed *in forma pauperis*. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.  Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys. . . ." (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003))).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**DISCUSSION**

**I.  Official Capacity Claims**

Plaintiff indicates he is suing all Defendants in their official capacities and is also suing Dr. Pope in both her official and individual capacities.  Doc. 1 at 2–3.  As to Defendants Pope, Johnson, and Blackmon, those official capacity claims are barred, as Plaintiff seeks exclusively monetary damages.  States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty.  Alden v. Maine, 527 U.S. 706, 712–13 (1999).

Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Because a lawsuit against a state officer in his official capacity is "no different from a suit against the [s]tate itself," such defendant is immune from suit under § 1983. Id. at 71. Furthermore, it is well-settled law that sheriffs and members of the sheriff department acting in a law enforcement capacity are acting on behalf of the state. See Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003); Grech v. Clayton County, 335 F.3d 1326, 1347 (11th Cir. 2003) ("[T]he sheriff acts on behalf of the State in his function as a law enforcement officer . . ."). Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as state officers, and, accordingly, the Eleventh Amendment makes them immune from suit. See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989). Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims for damages against Defendants in their official capacities, and the Court should **DISMISS** Plaintiff's monetary damages claims against Defendants Pope, Johnson, and Blackmon in their official capacities.

## II. Claims Against Defendant "Food Services"

Regarding Plaintiff's claim against Defendant Food Services, Food Services is not a proper Defendant to this case. While deliberate indifference to medical needs is a proper claim under § 1983, Plaintiff cannot bring a claim against the Food Services Department. The department itself is not a "person" within the meaning of § 1983. And to the extent the Food Services Department is a component of the county jail, that claim is also barred. "While local governments qualify as 'persons' to whom section 1983 applies, a county detention center, as a mere arm of such governments, is not generally considered a legal entity subject to suit." Gardner v. Glynn Cty. Det. Ctr., Case No. 2:07-cv-128, 2008 WL 275752 at *2 (S.D. Ga. Jan 29,

2008) (citations omitted). Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendant Food Services.

### III. Individual Capacity Claim

Plaintiff asserts a deliberate indifference claim against Defendant Pope in her individual capacity. "The Eighth Amendment prohibits deliberate indifference to an inmate's health or safety." Smith v. Owens, 625 F. App'x 924, 927 (11th Cir. 2015) (citing Hope v. Pelzer, 539 U.S. 730, 737–38 (2002)). However, a plaintiff must plead more than mere negligence to state a claim for an Eighth Amendment violation. Smalls v. Berrios, Case No: 3:06cv95, 2007 WL 1827465 at *5 (N.D. Fla. June 25, 2007). A plaintiff must instead show: (1) an objective, serious risk of physical harm; (2) a subjective, deliberate indifference by defendant to that risk; and (3) causation. Id. at *4; Alexander v. Barefield, Case No: 5:06cv22, 2007 WL 1655383, at*3–4 (N.D. Fla. June 7, 2007). The second, subjective component is met where a defendant disregards a known, clear risk to a prisoner's safety. Farmer v. Brennan, 511 U.S. 825, 835–37 (1994).

Here, Plaintiff asserts that Defendant Pope refused to properly treat him for Crohn's disease and refused to treat him at all for an abscessed tooth.[3] Plaintiff alleges that the actions of Defendant Pope and others resulted in him experiencing significant pain. While the factual allegations against Defendant Pope regarding deliberate indifference to Plaintiff's medical needs are thin, the claim is not so deficient that it must be dismissed under 28 U.S.C. § 1915 at this time. Accordingly, Plaintiff's deliberate indifference claim against Defendant Pope shall proceed.

---

[3] To the extent that Plaintiff alleges that additional individuals were deliberately indifferent to his medical needs, he may attempt to obtain their identities through discovery and then move to amend his Complaint to add claims against those individuals.

**III. Leave to Appeal *in Forma Pauperis***

Should the Court adopt my recommendation that Plaintiff's claims against Defendants Johnson, Blackmon and Food Services be dismissed in their entirety, as well as Plaintiff's claims against Defendant Pope in her official capacity, the Court should also deny Plaintiff leave to appeal *in forma pauperis* as to the dismissed claims.[4]  Though Plaintiff has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal as to any dismissed claims.

---

[4] A certificate of appealability is not required in this § 1983 action.

**REMAINING CLAIM AND DEFENDANT**

As stated above, Plaintiff's claim against Defendant Pope for deliberate indifference to his medical needs is not due to be dismissed at this time. The Court provides the following instructions to the parties that will apply to the remainder of this action and which the Court urges the parties to read and follow.

**INSTRUCTIONS TO DEFENDANT**

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs that service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to defendants by first-class mail and request that defendants waive formal service of summons. Fed. R. Civ. P. 4(d); Local R. 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until 60 days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendant is hereby granted leave of court to take the deposition of Plaintiff upon oral examination. Fed. R. Civ. P. 30(a)(2). Defendant is further advised that the Court's standard 140-day discovery period will commence upon the filing of the last answer. Local R. 26.1. Defendant shall ensure that all discovery, including Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

In the event that Defendant takes the deposition of any other person, Defendant is ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As Plaintiff will likely not be in attendance for such a deposition, Defendant shall notify Plaintiff of the deposition and

advise him that he may serve on Defendant, in a sealed envelope, within 10 days of the notice of deposition, written questions Plaintiff wishes to propound to the witness, if any. Defendant shall present such questions to the witness seriatim during the deposition. Fed. R. Civ. P. 30(c).

### INSTRUCTIONS TO PLAINTIFF

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon her attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendant or her counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

<u>Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action. Local R. 11.1. Plaintiff's failure to notify the Court of a change in his address may result in dismissal of this case.</u>

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendant, Plaintiff must initiate discovery. <u>See generally</u> Fed. R. Civ. P. 26 *et seq*. The discovery period in this case will expire 140 days after the filing of the last answer. Local R. 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. <u>Id.</u> Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in

connection with a motion or response, and then only to the extent necessary; and when needed for use at trial.  Local R. 26.4.

Interrogatories are a practical method of discovery for incarcerated persons.  <u>See</u> Fed. R. Civ. P. 33.  Interrogatories may be served only on a <u>party</u> to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not <u>named</u> as a defendant.  Interrogatories are not to contain more than 25 questions.  Fed. R. Civ. P. 33(a).  If Plaintiff wishes to propound more than 25 interrogatories to a party, Plaintiff must have permission of the Court.  If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery.  Fed. R. Civ. P. 26(c), 37(a)(2)(A); Local R. 26.7.

Plaintiff has the responsibility for maintaining his own records of the case.  If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page.  **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution.  Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which Defendant may initiate. Upon no less than five days' notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any

question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

### ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Defendant may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both. Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within 14 days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose Defendant's motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion. Local R. 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any

material fact in this case.   That burden cannot be carried by reliance on the conclusory allegations contained within the complaint.   Should Defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest Defendant's statement of the facts.   Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in Defendant's affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

## CONCLUSION

For the foregoing reasons, I find that Plaintiff's claim against Defendant Pope for deliberate indifference is not frivolous and **ORDER** the United States Marshals Service to serve a copy of Plaintiff's Complaint and this Order on Defendant Pope.   However, I **RECOMMEND** the Court **DISMISS** the remainder of Plaintiff's Complaint for failure to state a claim.   If the Court adopts this recommendation, I also **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis* as to these dismissed claims.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.   Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.   Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).   A copy of the objections must be served upon all other parties to the action.   The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff at his last known address.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 26th day of August, 2019.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA