# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| MICHAEL LOVEE SWILLEY, | |
| Plaintiff, | CIVIL ACTION NO.: 2:18-cv-27 |
| v. | |
| DR. MYRA POPE, | |
| Defendant. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Dismiss.  Doc. 44.  For the reasons set forth below, I **RECOMMEND** the Court **DENY** Defendant's Motion.

## BACKGROUND

Plaintiff filed his Complaint on March 19, 2018, alleging Defendant was deliberately indifferent to Plaintiff's serious medical condition.  Doc. 1.  The Court determined Plaintiff set forth a cognizable deliberate indifference claim against Defendant under 42 U.S.C. § 1983.  Doc. 9 at 6.  However, I recommended the Court dismiss Plaintiff's remaining claims.  Id. at 4–5.  The Court adopted my Report and Recommendation on September 24, 2019.  Doc. 11.

Plaintiff failed to update his address, and this Court issued a Show Cause Order on December 9, 2019.  Doc. 15.  Plaintiff updated his address with the Court on January 6, 2020, doc. 16, and responded to the Show Cause Order on January 15, 2020, doc. 19.

On February 4, 2020, Defendant filed a motion to extend discovery based on delays in discovery because of Plaintiff's failure to update his address.  Doc. 21.  This Court granted that

motion and extended the discovery deadlines.  Id.  On April 27, 2020 Plaintiff requested an extension of time to allow him to respond to Defendant's discovery requests, stating an extended prison lockdown caused by the COVD-19 pandemic prevented him from complying with his discovery obligations.  Doc. 35.  Defendant did not oppose the extension but asked the Court to also extend her time for discovery.  Doc. 36.  On May 27, 2020, this Court granted both parties a discovery extension and ordered Plaintiff's discovery responses due by June 29, 2020.  Doc. 37.

Defendant filed her Motion to Dismiss for failure to prosecute based on Plaintiff's purported failure to comply with discovery requests and deadlines.  Doc. 44.  Plaintiff filed a Response to the Motion to Dismiss, doc. 49, and sent both Defendant and this Court a response to Defendant's interrogatories and discovery requests, doc. 47, as well as an explanation for the delay, doc. 48.

## DISCUSSION

The Court must now determine how to address Defendant's Motion to Dismiss based on Plaintiff's purported failure to engage in discovery.  For the reasons set forth below, I **RECOMMEND** the Court **DENY** Defendant's Motion to Dismiss.

Defendant contends Plaintiff has elected to engage in his own investigations, evidenced by his motions to produce, see docs. 33, 40, 48, but has done so at the expense of completing his discovery obligations.  Doc. 44 at 7.  Further, Defendant points out Plaintiff's failure to answer her discovery requests disregards this Court's Orders and ignores the rules of discovery.  Id.  Finally, Defendant argues Plaintiff has received numerous warnings of the consequences of his failure to prosecute and that such failure can result in dismissal of the case.  Id. at 7–8.

Plaintiff objects to Defendant's Motion to Dismiss on several grounds.  First, Plaintiff writes that, as pro se litigant, he is unfamiliar with the Court's procedures and that he has made a

good faith effort to comply with his obligations in the case.  Doc. 51 at 1.  Plaintiff also points out he answered the Show Cause Order, doc. 15, because he wants to proceed with his case.  Further, Plaintiff maintains he twice attempted to comply with his discovery obligations and only recently learned Defendant did not receive his answers to the interrogatories and other production.[1]  Doc. 51 at 2–3.  Finally, Plaintiff argues Defendant is now filing the Motion to Dismiss to avoid her own discovery obligations.  Id. at 2.

Rule 41(b) of the Federal Rules of Civil Procedure makes clear a trial court has discretion to impose sanctions on a party who fails to adhere to court rules.  Fed. R. Civ. P. 41(b) ("If the plaintiff fails to . . . comply with . . . a court order, a defendant may move to dismiss the action or any claim against it.").  However, that discretion is not unlimited, and the "[d]ismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances."  Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985).  "Dismissal with prejudice is not proper unless 'the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct.'"  Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (quoting Betty K Agencies, Ltd. V. M/V MONADA, 432 F.3d 1333, 1339 (11th Cir. 2005)).  "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation."  Id. (citing Link v. Wabash R.R., 370 U.S. 626, 630–31 (1962)).  "Discretion means the district court has a 'range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'"  Id. (quoting Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc., 420 F.3d 1317, 1324

---

[1] Plaintiff represents he mailed his answers to Defendant's interrogatories and his medical records release form to Defendant since she filed her Motion to Dismiss.  Doc. 51 at 3.  Defendant also filed the answer to his interrogatories with the Court.  See Doc. 47.  Though discovery is supposed to be served directly on the Defendant, Plaintiff's filings demonstrate Plaintiff is attempting to move his case forward.

(11th Cir. 2005)). "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (citing State Exchange Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982)); Anthony v. Marion Cnty. Gen. Hosp., 617 F.2d 1164, 1169 n.8 (5th Cir. 1980).

While Plaintiff has failed to abide by the rules of discovery, dismissal of his entire Complaint is not warranted at this time. The Court accepts Plaintiff's contention he has attempted in good faith to comply with his discovery obligations. Further, Plaintiff has, at least in part, provided Defendant with answers to some interrogatories and complied with production requests. Plaintiff has shown an active interest in pursuing this litigation by responding to the Show Cause Order, doc. 19, filing a response to the motion to dismiss, doc. 51, and attempting to engage in his own discovery, docs. 33, 40, 48. Though these efforts are not strictly compliant with the Court's Orders and other applicable rules, these efforts do demonstrate Plaintiff's good faith attempt to move forward this litigation. Moreover, Defendant has not filed any motion to compel or otherwise availed herself of the Court as a resource in trying to resolve any discovery disputes prior to filing this Motion to Dismiss. Accordingly, I **RECOMMEND** the Court **DENY** Defendant's Motion to Dismiss.

That said, the record before the Court demonstrates Plaintiff has repeatedly failed to comply with deadlines set by the Court and obligations arising under the Federal Rules of Civil Procedure and the Court's Local Rules. Plaintiff's pro se status will not excuse continued failures to comply with Court orders and applicable rules. If Plaintiff continues to violate Court orders or applicable rules, the Court may impose sanctions on Plaintiff, including dismissal of Plaintiff's claims.

**CONCLUSION**

For the above-stated reasons, I **RECOMMEND** the Court **DENY** Defendant's Motion. Doc. 44.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020).  A party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 19th day of October, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA