## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

MICHAEL LOVEE SWILLEY,

       Plaintiff,

    v.

DR. MYRA POPE,

       Defendant.

CIVIL ACTION NO.: 2:18-cv-27

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court is Defendant's Motion for Summary Judgment.  Doc. 79.

Plaintiff filed a Response and a Supplemental Response.  Docs. 87, 88.  Defendant filed a Reply.

Doc. 89.  For the following reasons, I **RECOMMEND** the Court **GRANT** Defendant's Motion

for Summary Judgment, **DIRECT** the Clerk of Court to enter the appropriate judgment and

**CLOSE** this case, and **DENY** Plaintiff *in forma pauperis* status on appeal.

## PROCEDURAL HISTORY

Plaintiff brought this 42 U.S.C. § 1983 action relating to his medical treatment while

incarcerated at Wayne County Detention Center in Jesup, Georgia.  Doc. 1.  After conducting

frivolity review, the Court dismissed Plaintiff's official capacity claims and all of Plaintiff's

claims against Defendants Johnson, Blackmon, and Food Services for failure to state a claim.

Doc. 11.  Thus, the only claim remaining is an Eighth Amendment deliberate indifference claim

asserted against Defendant Pope.  Id.  Specifically, Plaintiff alleges Defendant Pope was

deliberately indifferent to his Crohn's disease and deliberately indifferent to his dental needs, an

abscessed tooth, in violation of the Eighth Amendment.  Id.  Defendant Pope now moves for

summary judgment as to Plaintiff's claims.  Doc. 79.  Plaintiff filed a voluminous Response and Supplemental Response to Defendant Pope's Motion.  Plaintiff's Response warrants separate attention, because as explained below, much of it is improper evidence or not relevant to the Court's summary judgment determination.

Plaintiff filed a Response to Defendant Pope's Motion, including a filing which Plaintiff labeled "Plaintiff['s] Dispute to Defendant['s] Statement of Material Facts" that addresses enumerated paragraph in Defendant's Statement of Material Facts ("SMF"), doc. 87-10 at 1–7, as well as the legal conclusions Defendant reached, id. at 7–9.  Although Plaintiff ostensibly attempts to respond to Defendant's SMF, the Response is deficient in various ways.

First, Plaintiff did not support most of his factual responses with citations to the record, as he was required to do, or show by affidavit or declaration that any facts were unavailable to him.  Fed. R. Civ. P. 56(c)(1), (d).  Moreover, many of Plaintiff's statements are not factual allegations at all (or even rebuttals to factual allegations), but are instead arguments, rhetorical questions, and supposition.  See, e.g., Doc. 87-10 at 1 ("If the defendant would have responded to the plaintiff['s] medical needs in a professional manner she would have known that the plaintiff['s] allegations had mer[it].");  id. at 2 ("Dr. Pope works for a medical provider name[d] Wellpath, LLC . . . she files her taxes 1099 mak[ing] her an independent contractor[.]  Defendant is trying to dodge responsibility.");  id. at 3 ("Wouldn't it be Dr. Pope['s] obligation to see that these issues are brought to her attention[?]");  id. ("Dr. Pope is trying to disregard responsibility.");  id. at 5 ("Obviously the defendant [doesn't] know who [does] the scheduling.  This same immaterial fact keeps resurfacing.").  Plaintiff frequently makes factual allegations but

provides no evidentiary support for his assertions.[1]  While the Court is sympathetic to challenges pro se litigants face, such litigants are still required to conform to procedural rules.  United States v. Theodore, 780 F. App'x 769, 771 (11th Cir. 2019).  Accordingly, the Court should not consider statements in Plaintiff's filings consisting only of unsupported factual allegations, arguments, rhetorical questions, or supposition.[2]

Additionally, Plaintiff submitted several items which have no bearing on the pending Motion and which the Court should not consider in evaluating the pending Motion.  First, Plaintiff submits a filing titled "Crohn's Disease," which appears to be a handwritten definition of the illness.  Doc. 87-2.  However, Plaintiff does not provide a citation for the source of this definition, nor does he explain its significance.  Additionally, Plaintiff includes a letter to the Court explaining his ongoing discovery efforts, id at 2, but fails to describe the results of those efforts, and discovery in this case closed on December 21, 2020, doc. 76.  Similarly, Plaintiff filed an "Issues Concerning Discovery," in which he complains of various discovery disputes, including Defendant's response to Plaintiff's discovery requests.  Doc. 87-5.  As noted, discovery in this case closed on December 21, 2020, and Plaintiff has not previously brought these discovery issues before the Court, nor has he moved for discovery-related relief in his

---

[1]      For instance, Plaintiff asserts in an enumeration of fact that "Dr. Pope never gave Plaintiff any medication."  Doc. 87-10 at 6.

[2]      The Court also notes the allegations in Plaintiff's Complaint are generally not to be considered in resolving Defendant's Motion for Summary Judgment.  See Chambliss v. Buckner, 804 F. Supp. 2d 1240, 1248 (M.D. Ala. 2011) ("Allegations in an unsworn complaint are not evidence for purposes of summary judgment and, thus, cannot be considered.") (citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)).  Similarly, Plaintiff submitted a filing titled "Plaintiff['s] Revised and More Detailed Complaint 1," which the Court will not consider in resolving Defendant's Motion for Summary Judgment.  Doc. 87-3.  Along with an unsworn Complaint being inappropriate opposition to a motion for summary judgment, all amended pleadings were due in this case by December 23, 2019.  Doc. 14.  The Court will not allow Plaintiff to amend without leave of Court over a year late and in response to Defendant's Motion for Summary Judgment.  Similarly, Plaintiff's amended "Prayer for Relief" has no bearing on summary judgment and will not be considered by the Court in resolving the instant Motion.  Doc. 87-12.

current filings.  Accordingly, the Court should not consider these filings by Plaintiff in resolving the pending Motion.  Docs. 87-2, 87-5.

Plaintiff also submits several affidavits, titled "Witness Statements," from other inmates in order to bolster his claim.  However, Plaintiff's affidavits are irrelevant to the claims at issue. The affidavits consist of allegations about improper medical care at Wayne County Jail experienced by other inmates.  Doc. 87-11.  Although I have reviewed these documents, none of them relate to Plaintiff's deliberate indifference claims  against Defendant Pope involving Crohn's disease and an abscessed tooth.

Further, Plaintiff submitted a filing titled "Disputes to the Declaration of Myra Pope M.D.," in which Plaintiff objects to Defendant Pope's declaration submitted in support of her Motion for Summary Judgment.  Doc. 87-6.  Plaintiff argues Defendant Pope's declaration should not be relied on and disputes some of contentions Defendant Pope makes in her declaration.  Section 1746 of Title 28 of the United States Code specifies the requirements for declarations submitted in support of summary judgment filings.  Such declarations must: (a) be signed by the declarant; (b) under penalty of perjury; and (c) state the averments in the document are true.  28 U.S.C. § 1746.  Defendant Pope's declaration satisfied these required elements—she signed the declaration, under penalty of perjury, and stated the averments in the declaration are true.  See Doc. 79-6 at 1, 7.  Further, Defendant Pope's declaration fulfills the requirements of Rule 56(c)(4), and the Court will consider it in making its determination on summary judgment. See Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."); Doc. 79-6 at 1. Furthermore, most of Plaintiff's "challenges" to the declaration are not attempts to controvert the

statements in declaration, but are, instead, Plaintiff's own unsupported, vague factual allegations or arguments, rhetorical questions, and supposition. See, e.g. Doc. 87-6 at 1 ("The medical statements that have been rendered and all medical opinions contained in her declaration are untrue"); id. ("Why would Dr. Pope be periodically notified when there are constantly inmates who need qualified medical attention at the jail all of the time[?]"); id. at 3 ("This is another example of Dr. Pope trying to avoid responsibility."); id. at 4 ("Obviously [Naproxen] was never called in."). These "challenges" have no bearing on the pending Motion for Summary Judgment.

Additionally, Plaintiff filed objections to the exhibits Defendant relied on when taking Plaintiff's deposition, contending several of those exhibits are inadequate for summary judgment. Doc. 87-8. First, several of the "exhibits" Plaintiff objects to are not relied on by Defendant in her summary judgment motion. Specifically, Plaintiff objects to "intake screening reports" and treatment forms from 2020 (which he refers to as Exhibits 3, 4, 9, 10, 11, and 12 and attaches to his filing), but Defendant Pope has not relied on any of these exhibits in her Motion for Summary Judgment. Id. at 1–2, 5. Plaintiff also addresses a sick call request from February 16, 2018, which Defendant Pope also does not rely on in her Motion. Id. at 4–5, 19. The Court will not rule on objections to documents which are not relied on by Defendant Pope at this time. Plaintiff also addresses the kiosk reports and Defendant Pope's treatment notes, ("Exhibits 1, 5, 6, and 7"), but does not appear to contest that they are genuine, and instead, provides additional commentary on the exhibits, again without citation to the record, sworn testimony, or other evidence. Id. at 1, 4. However, the Court will consider, as appropriate, Plaintiff's contentions and the documentary evidence the parties rely on to support or oppose the Motion for Summary Judgment.

Plaintiff also filed a document titled "Plaintiff['s] Dispute to Defendant['s] Undisputed Statement of Material Facts" where, among other things, Plaintiff appears to raise challenges to his own deposition testimony.  Doc. 87-9 at 1–3.  In those objections, Plaintiff attempts to correct and contextualize his deposition testimony, and at other times, makes vague, conclusory arguments about the significance of his testimony.  See e.g., id. at 2 (Plaintiff asserting, despite deposition testimony to the contrary, Defendant Pope never ordered him medication (citing Dep. of Michael Lovee Swilley at pp. 66–67 (transcript docketed at Doc. 87-7 at 16–17))).  However, Plaintiff's unsworn statement, attempting to contradict his earlier sworn deposition testimony without explanation will not be considered.  See Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc., 736 F.2d 656, 657 (11th Cir. 1984) (declining to enter into evidence an affidavit that contradicted deposition testimony without an explanation).

At his deposition, Plaintiff testified he received Loperamide, an anti-diarrheal medication Dr. Pope prescribed, but refused to take the medication because he believed it was inappropriate to treat his purported Crohn's disease.  Doc. 87-7 at 16–17.  However, without explanation, Plaintiff now asserts he never received any medication prescribed by Dr. Pope, in direct contradiction to his previous sworn testimony.  Doc. 87-9 at 2.  The Court observes Plaintiff has not provided any explanation for the drastic change in his contentions between his December 18, 2020 deposition and February 26, 2020 filing.  A litigant cannot create material issue of fact where there previously was none simply by submitting an unsworn declaration contradicting prior testimony.[3]  See Jackson v. Glynn County, CV 214-42, 2016 WL 8722836, at *3 (S.D. Ga.

---

[3]     The remainder of Plaintiff's dispute of Defendant's SMF, doc. 87-9, contains an argument against Defendant Pope's Motion for Summary Judgment, as well as additional unsupported conclusions of fact. Where Plaintiff makes legal arguments, the Court will consider them as appropriate.  See e.g., id. at 7 ("Dr. Pope refused to treat the plaintiff or refer him to a specialist in both cases because of the expense."); id. at 10 ("For Dr. Pope not to be liable she goes through a lot of trouble perjuring herself stating she

Sept. 30, 2016) (citing <u>Miller v. Shaner Hotel Grp. Ltd. P'ship</u>, 999 F. Supp. 2d 1298, 1303–04 (S.D. Ga. 2014) (explaining where a plaintiff testified she did not fall on step and then declared the opposite in her affidavit, the court concluded, "It is plain that this revisionist affidavit is a sham designed to avoid summary judgment.")).  Accordingly, the Court will not consider the above-discussed submissions by Plaintiff in its Report and Recommendation.  Docs. 87-6; 87-8; 87-9.[4]

Finally, Plaintiff focuses a great deal of attention on unproduced medical records, which he claims Defendant is withholding or concealing.  <u>See</u> Doc. 87-1 at 2–3; Doc. 87-5 at 3–4; Doc. 87-9 at 5; Doc. 87-10 at 1.  However, Plaintiff offers nothing more than bald assertions in support of this contention.  Defendant Pope outlined her unsuccessful attempts at obtaining Plaintiff's medical records related to his diagnosis of Crohn's disease prior to Plaintiff initiating litigation.  <u>See</u> Doc. 79-6 at 4, 11.  Moreover, it appears Plaintiff has not made any efforts during discovery to locate or obtain the records, aside from relying on Defendant's efforts to produce the documents.  Plaintiff does not attempt to make a showing under Federal Rule of Civil Procedure 56(d) that he cannot present facts sufficient to justify his opposition to Defendant's

---

knew nothing of [P]laintiff['s] dental issues.").  However, as the Court has already explained, it will not consider any unsupported statements of fact.

[4]      Plaintiff makes several submissions which the Court does consider.  First, Plaintiff submits a memorandum opposing the footnotes contained in Defendant's Motion, which contains both arguments of law and unsupported statements of fact.  Doc. 87-1 at 1–4.  To the extent such objections are relevant, the Court will consider them.  Additionally, Plaintiff submits a memorandum of law, outlining the legal standard for a deliberate indifference claim, as well as additional arguments related to Defendant's Motion.  Doc. 87-4.  Thus, the Court will consider these arguments, though, the Court observes Plaintiff and Defendant do not disagree on the deliberate indifference standard.  Additionally, Plaintiff submits his deposition testimony, which is identical to the deposition testimony produced by Defendant.  <u>Compare</u> Doc. 79-3 <u>with</u> Doc. 87-7.  While Defendant makes no citation to this testimony, the Court will consider it where relevant.  Finally, Plaintiff submitted a Supplemental Response, which includes information about Crohn's disease printed from various websites.  Doc. 88.

Motion for Summary Judgment.  Accordingly, the Court will not address the alleged missing medical records further.[5]

**UNDISPUTED MATERIAL FACTS**

Local Rule 56.1 of the Southern District of Georgia provides that a party moving for summary judgment must include "a separate, short, and concise statement of the material facts as to which it is contended there exists no genuine dispute to be tried as well as any conclusions of law thereof."  Local R. 56.1.  Defendant Pope submitted a SMF in support of her Motion for Summary Judgment, in accordance with the Federal Rules of Civil Procedure and Local Rule 56.1.  Doc. 79-2.

Defendant Pope's SMF relies on Plaintiff's deposition transcript, Plaintiff's arrest form from Wayne County Jail, Plaintiff's kiosk requests for medical care, an affidavit from Defendant Pope, and Defendant Pope's treatment notes from when she saw Plaintiff.  Docs. 79-3 to 79-7. Plaintiff filed a Response and Supplemental Response, which the Court outlined above, and as explained, much of which the Court will not consider when making its recommendation on summary judgment.  In light of these circumstances, and after reviewing the parties' submissions, the Court identifies the following undisputed, material facts for the purposes of evaluating Defendant's Motion for Summary Judgment:

Plaintiff was an inmate at Wayne County Detention Center from approximately January 11, 2018, until about March 19, 2018.  Doc. 79-1 at 2; Doc. 79-4 at 2.  Plaintiff had also been previously incarcerated, including for a previous sentence in the 1990s at Wayne County

---

[5]     The Court is neither admonishing nor approving any party or non-party's conduct concerning these preservation of the missing medical records.  Rather, the Court simply acknowledges the records have not been obtained by the parties or presented to the Court, and, therefore, the missing records have no bearing on the instant Motion for Summary Judgment.

Detention Center, but Plaintiff's allegations arise solely from medical needs arising from his January to March 2018 incarceration.  Doc. 79-1 at 2; Doc. 79-3 at 3.

Plaintiff alleges he suffers from Crohn's disease, a type of inflammatory bowel disease. Doc. 1.  Plaintiff alleges he was diagnosed with Crohn's disease prior to his 2018 incarceration but admits he has no proof to support his purported diagnosis.  Doc. 79-1 at 2; Doc. 79-3 at 9–10. According to Plaintiff, a physician in Waycross, Georgia, who is now deceased, diagnosed Plaintiff with Crohn's disease, but Plaintiff states he has no medical records or qualified expert to support the diagnosis of Crohn's disease.  Doc. 79-1 at 2; Doc. 79-3 at 9–10.  Shortly after Plaintiff arrived at the Wayne County Detention Center in 2018, he complained via the jail's kiosk system he was suffering from dental problems, as well as from Crohn's disease.  Doc. 79-1 at 2–3; Doc. 79-5 at 2–4.  Specifically, on January 26, 2018, Plaintiff filed a medical/sick call request to see the dentist, claiming he needed to have teeth pulled.  Doc. 79-5 at 2.  On February 3, 2018, Plaintiff filed two complaints.  First, Plaintiff again filed a complaint stating he needed to see a dentist and have teeth pulled.  Id.  Three days later, a nurse at the jail, Shala Wingate, responded to Plaintiff via the kiosk system explaining, pursuant to jail policy, Plaintiff must be at the jail for 90 days before he can receive dental care.  Doc. 79-1 at 3; Doc. 79-5 at 2.

Plaintiff filed a complaint on February 3, 2018, asking for medical attention because his Crohn's disease was inflamed.  Id.  Plaintiff was seen on February 6, 2018, following his complaint related to Crohn's disease, by Nurse Wilson.  Id.; Doc. 79-1 at 5; Doc. 79-7 at 5. Plaintiff complained to Nurse Wilson of fatigue, diarrhea, and stomach cramps.  Doc. 79-1 at 5; Doc. 79-7 at 5.  Nurse Wilson instructed Plaintiff to increase his fluid intake.  Id.  Additionally, Plaintiff requested to be seen by a physician, so Plaintiff was scheduled to see Defendant Pope on February 8, 2018.  Doc. 79-7 at 4.

Dr. Pope is an independent contractor who provides medical services, but not dental services, at Wayne County Detention Center.  Doc. 79-1 at 3; Doc. 79-6 at 2.  Further, she is not the medical director at Wayne County Detention Center.  Id.  Defendant Pope does not employ nurses or any other individuals at Wayne County Detention Center, nor is she employed by the jail.  Id.  Defendant Pope is notified by the jail when inmates need medical attention, and employees of Wayne County Detention Center schedule the inmate for an appointment with her based upon complaints made by prisoners via the kiosk.  Doc. 79-1 at 3–4; Doc. 79-6 at 3.  Defendant Pope has no interaction with the kiosk system used by inmates, nor does she have any involvement in scheduling inmates to receive medical care.  Id.  Instead, Dr. Pope merely provides medical care to inmates scheduled to see her at the jail.  Id.  Dr. Pope is not involved with, and does not have control over, the jail's dental care policy.  Id.

When Plaintiff saw Defendant Pope on February 8, 2018, he complained of fatigue, diarrhea, and abdominal cramps, as well as anxiety.  Doc. 79-7 at 4; Doc. 79-6 at 4.  Plaintiff explained to Defendant Pope he had been previously diagnosed with Crohn's disease in the 1990s but could not remember the name of the physician who diagnosed him.  Id.  Additionally, Plaintiff told Defendant Pope he had visited the Curtis V. Cooper Clinic for treatment.  Doc. 79-1 at 5; Doc. 79-7 at 4.  Following Plaintiff's visit, Defendant Pope instructed the nursing staff to try and obtain Plaintiff's medical records to confirm his Crohn's disease diagnosis.  Doc. 79-1 at 5; Doc. 79-6 at 4.

Additionally, Defendant Pope prescribed Plaintiff Loperamide and Naproxen to treat his purported Crohn's disease while she awaited receipt of his medical records.  Doc. 79-1 at 5–6; Doc. 79-6 at 5; Doc. 79-7 at 3–4.  Loperamide is a medication used to treat a multitude of bowel problems, including diarrhea and abdominal cramping, and it is routinely prescribed as a first-

line treatment for patients with Crohn's disease to determine whether a patient's symptoms can be managed without resorting to more serious medications, such as steroids or immunosuppressive drugs.  Doc. 79-1 at 6; Doc. 79-6 at 5.  Defendant Pope also prescribed Naproxen, a non-steroid anti-inflammatory drug, to treat Plaintiff's pain.  Id.  Naproxen's anti-inflammatory properties make it a treatment choice for managing Crohn's disease.  Id.  However, Plaintiff admits he did not take the Loperamide prescribed by Dr. Pope because he disagreed with her treatment plan.  Doc. 79-1 at 6; Doc. 79-3 at 17–18.  Plaintiff believed the Loperamide would exacerbate his condition.  Doc. 79-3 at 17–18.

Plaintiff filed another grievance related to the treatment of his Crohn's disease on February 13, 2018.  Doc. 79-1 at 7; Doc. 79-5 at 5.  In that grievance, Plaintiff complained he is not being treated for his Crohn's disease and has not been provided the colonoscopy he requested.  Id.  However, Plaintiff was never scheduled to follow up with Defendant Pope regarding any additional medical issues, and Defendant Pope was not aware of Plaintiff's February 13th grievance.  Doc. 79-1 at 7; Doc. 79-6 at 6–7.  Plaintiff testified his symptoms cleared up for a period following his release from Wayne County Detention Center but reoccurred again in 2019.  Doc. 79-3 at 30–31, 35.  Additionally, Plaintiff did not seek treatment for Crohn's disease outside of the jail or prison system.  Doc. 79-1 at 7; Doc. 79-6 at 6–7.

Plaintiff also brings a claim against Defendant Pope for refusing to treat his dental problems, including an abscessed tooth.  On January 26, 2018, Plaintiff filed a medical/sick call request to see the dentist, claiming he needed to have teeth pulled.  Doc. 79-5 at 2.  On February 3, 2018, Plaintiff filed two complaints.  First, Plaintiff again filed a complaint stating he needed to see a dentist and have teeth pulled.  Id.  Three days later, a nurse at the jail, Shala Wingate,

responded to Plaintiff via the kiosk system explaining, pursuant to jail policy, Plaintiff must at the jail for 90 days before he can receive dental care.  Doc. 79-1 at 3; Doc. 79-5 at 2.

Plaintiff claims he had an abscessed tooth, which he treated himself with a razor blade after filing his kiosk complaints.  Doc. 79-1 at 4; Doc. 79-3 at 37–38.  After cutting the roof of his mouth to drain the abscess, Plaintiff admits he was seen by Nurse Shala Wingate regarding his dental complaint.  Doc. 79-1 at 4; Doc. 79-3 at 23–27.  In Plaintiff's medical records, Nurse Wingate notes she saw Plaintiff on February 16, 2018.  Doc. 79-1 at 4; Doc. 79-7 at 1.  During this encounter, Nurse Wingate examined Plaintiff's mouth and did not observe any redness, edema, or abscess pockets.  Id.  She also explained Wayne County Detention Center's policy that inmates are not eligible for dental calls until they are there 90 days.  Id.  Finally, Nurse Wingate told Plaintiff she did not see an abscess, but nonetheless provided him with orasol for pain, and if the problem persisted, Defendant Pope could examine Plaintiff and prescribe antibiotics if she deemed it necessary.  Id.

In Plaintiff's deposition, he disagrees with the degree to which Nurse Wingate treated him.  Plaintiff claims Nurse Wingate refused to look at his mouth and never provided him with any medication for dental pain.  Doc. 79-3 at 77, 97.  Plaintiff did not file another complaint at the kiosk relating to his dental issues.  See Doc. 79-5.  Defendant Pope had no knowledge of Plaintiff's dental problems during this period.  Doc. 79-6 at 6.  Plaintiff did not complain to Defendant Pope about his dental issues, and Defendant Pope did not have access to Plaintiff's kiosk complaints.  Id.  Additionally, Defendant Pope does not provide, and is not qualified to provide, dental care.  Id.

## DISCUSSION

### I.   Legal Standard

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).  "If the evidence [produced by the nonmoving party] is merely colorable or is not significantly probative summary judgment must be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242 at 249 (1986) (citations omitted).

The moving party bears the burden of establishing there is no genuine dispute as to any material fact and he is entitled to judgment as a matter of law.  See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003).  Specifically, the moving party must identify the portions of the record which establish there are no "genuine dispute[s] as to any material fact and the movant is entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011).  When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing the record lacks evidence to support the nonmoving party's case or the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322–23 (1986)).  Once the party moving for summary judgment satisfies its initial burden, the burden shifts to the nonmoving party to come forward with specific facts showing a genuine dispute for trial.  Hinson v. Bias, 927 F.3d 1103,

13

1115 (11th Cir. 2019).  In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in the light most favorable to the nonmoving party.  Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee County, 630 F.3d 1346, 1353 (11th Cir. 2011).

## II.     Plaintiff's Eighth Amendment Claims

Plaintiff alleges Defendant Pope failed to provide adequate treatment for his Crohn's disease.  Doc. 1 at 4, 7.  Further, he claims Defendant Pope's prescription of anti-diarrheal medicine was inadequate treatment and complains of Defendant's refusal to refer Plaintiff for a colonoscopy.  Doc. 1-1 at 1.  Essentially, Plaintiff alleges Defendant should have done more than prescribe what he believes to be inappropriate medication for treating his Crohn's disease. Similarly, Plaintiff brings a deliberate indifference claim against Defendant Pope for her alleged refusal to provide dental care.  Doc. 1 at 4.  Specifically, Plaintiff clams Defendant Pope violated the Eighth Amendment by refusing to care for his abscessed tooth.  Id.

### A.     Legal Standard

The United States Supreme Court has interpreted the Eighth Amendment to prohibit 'deliberate indifference to serious medical needs of prisoners.'"  Melton v. Abston, 841 F.3d 1207, 1220 (11th Cir. 2016) (quoting Estelle v. Gamble, 429 U.S. 97, 102 (1976)).  To prove a deliberate indifference to medical treatment claim, a plaintiff must demonstrate: (1) a serious medical need; (2) deliberate indifference to the need; and (3) a causal connection between the constitutional violation and plaintiff's injury.  Id.  The first element is an objective inquiry. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007).  A serious medical need "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that

even a lay person would easily recognize the necessity for a doctor's attention." Id. (quotation and citation omitted).

The second element is a subjective inquiry. Id. To show a defendant's deliberate indifference, a plaintiff must prove: "(1) subjective knowledge of a risk of serious harm; (2) a disregard of that risk; (3) by conduct that is more than mere negligence." Melton, 841 F.3d at 1223. Conduct that is more than mere negligence can include grossly inadequate care, a decision to take a less effective but easier course of treatment, or completely cursory medical care that amounts to no treatment at all. Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011). However, "'a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment does not support a claim of deliberate indifference." Melton, 841 F.3d at 1224 (quoting Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991)). Accordingly, a mere medical malpractice claim does not amount to a constitutional violation. Estelle, 429 U.S. at 104.

**B.    Plaintiff's Claim Related to Crohn's Disease**

Defendant Pope argues Plaintiff cannot prove any of the necessary elements for a deliberate indifference claim related to his purported Crohn's disease. First, Defendant Pope asserts Plaintiff cannot establish an objectively serious medical need because he does not have any evidence he suffers from Crohn's disease. Doc. 79-1 at 10–11. Defendant points to an absence of facts in the record demonstrating Plaintiff actually has Crohn's disease. Id. Plaintiff has not provided any medical records, testimony, or other evidence reflecting his purported diagnosis other than his own testimony. Further, Defendant Pope's own efforts to confirm Plaintiff's diagnosis were unsuccessful. Id. at 11. Finally, Defendant argues Plaintiff cannot rely

on his own testimony that some physician diagnosed him with Crohn's disease at some point to establish he suffers from Crohn's disease.  Id.

Second, Defendant Pope avers she did not act with deliberate indifference because she treated Plaintiff's complaints.  Id. at 11–13.  Defendant asserts she developed an appropriate course of treatment for Plaintiff after seeing him, which included instructing the nurses at the jail try to obtain Plaintiff's medical records to confirm his diagnosis and empirically treating the disease using medication.  Id. at 12.  Defendant points to her prescribing Loperamide and Naproxen for Plaintiff, which she testified are both appropriate treatments for patients with Crohn's disease.  Id. at 12–13.  Though Plaintiff apparently disagreed with Defendant's recommendations, Defendant asserts Plaintiff cannot establish a deliberate indifference claim when he receives medical care but may have desired a different course of treatment.  Id. at 13. Thus, according to Defendant, because she prescribed an appropriate course of treatment for Plaintiff, his complaints amount to nothing more than a disagreement regarding the type of treatment he received.[6]  Id.

Finally, Defendant argues Plaintiff cannot prove any injury or any action on the part of Defendant Pope was the proximate cause of any injury.  Id. at 13–14.  Defendant states Plaintiff must prove he was injured and Defendant Pope's conduct caused his injuries.  Id.  Defendant Pope asserts there is an absence of evidence on the record Plaintiff suffered any compensable injury.  Id. at 14.  Further, Defendant contends Plaintiff has no expert testimony establishing whether or to the degree he was harmed by Defendant Pope's alleged deliberate indifference.  Id.

---

[6]     Plaintiff avers he submitted two more kiosk requests relating to his Crohn's disease after he saw Defendant Pope.  Doc. 87-9 at 6.  He states these requests were totally ignored.  However, these requests are not part of the record, and Plaintiff makes no argument Defendant Pope was aware of additional requests for treatment.  Thus, Plaintiff cannot use these purported kiosk requests to defeat summary judgment.

The Court agrees Plaintiff has not created a genuine dispute of material fact for trial. The record does not establish Plaintiff suffers from Crohn's disease. Though Plaintiff states he was diagnosed in the 1990s while in jail, he has produced no medical records corroborating his diagnosis and admits he has no evidence to support his diagnosis.[7] Doc. 79-3 at 9–10. Defendant Pope's own efforts to obtain Plaintiff's medical records to confirm his diagnosis were unsuccessful. Doc. 79-6 at 4. Defendant's deposition testimony that a physician diagnosed him with Crohn's disease is insufficient because Plaintiff is not a physician. Moreover, Plaintiff cannot rely on upon an unidentified physician telling him decades earlier he has Crohn's disease because such a statement would likely be hearsay, i.e., an out-of-court statement by a physician to prove the truth of Plaintiff suffering from Crohn's disease.[8] See Fed. R. of Evid. 801 and 802.[9] Even assuming Plaintiff's deposition testimony creates a genuine dispute of fact as to whether he has Crohn's disease, which is a serious medical need, Plaintiff has still not created a genuine dispute as to the second and third elements of a deliberate indifference claim.

Defendant Pope was not subjectively deliberately indifferent to his Crohn's disease. When Plaintiff complained of symptoms related to his Crohn's disease, Defendant Pope treated Plaintiff. Doc. 79-3 at 16–18; Doc. 79-6 at 4–5; Doc. 79-7 at 3–5. Specifically, Defendant Pope took steps to confirm Plaintiff's diagnosis, though to no avail. Doc. 79-6 at 4. At the same time,

---

[7]    Plaintiff states he plans to call a gastroenterologist as an expert at trial to confirm his diagnosis of Crohn's disease. Doc. 87-9 at 1, 5. However, Plaintiff was required to point to evidence in response to Defendant's Motion for Summary Judgment and has failed to do so.

[8]    Generally, inadmissible hearsay cannot be considered on a motion for summary judgment. Moulds v. Bullard, 345 F. App'x 387, 391 (11th Cir. 2009).

[9]    Further, Defendant is correct Plaintiff cannot rely on Federal Rule of Evidence 803(4)'s exception to the rule against hearsay because that exception covers statements made by a patient to a physician and does not apply to statements made by a physician to the patient. Doc. 79-1 at 11.

Defendant Pope prescribed Plaintiff Loperamide and Naproxen while awaiting confirmation of his diagnosis. Id. at 5; Doc. 79-7 at 3. Defendant Pope has averred Loperamide and Naproxen are appropriate treatment choices for Crohn's disease. Doc. 79-6 at 5. Yet, Plaintiff stated in his deposition he did not take the medication Defendant Pope prescribed. Doc. 79-3 at 16–17.

Plaintiff apparently refused to take the medication because he did not believe it was the appropriate course of treatment. Id. at 17. Plaintiff never attempted to schedule another appointment with Defendant Pope and did not further complain about his Crohn's disease to her. Doc. 79-6 at 6. Though Plaintiff admitted in his deposition he received medical treatment from Defendant Pope and she provided him with Loperamide and Naproxen, Plaintiff now denies ever receiving any treatment or medication. Doc. 87-6 at 3–4; Doc. 87-9 at 2. But Plaintiff relies only on his own unsupported testimony and contradicts himself on this point. For example, in Defendant's objections to his deposition testimony, he asserts he never received any prescription medication but admits a nurse tried to provide him with medication at pill call. Doc. 87-9 at 2. Moreover, in Plaintiff's Amended Complaint, he admits he was told Defendant Pope ordered him medication, though the jail did not provide him with it. Doc. 87-3 at 2.

Even assuming Plaintiff's statements about not receiving medication are properly sworn to and constitute affidavits the Court should consider when deciding summary judgment, they still fail to create a genuine issue of material fact based on the record before the Court. The well-established rule in this Circuit is, "When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." Allen v. Bd. of Pub. Educ. for Bibb Cnty., 495 F.3d 1306, 1316 (11th Cir. 2007) (quoting Van T. Junkins, 736 F.2d at 657) (internal quotation marks

omitted).  Therefore, when an affidavit is contradictory to the extent it is "inherently

inconsistent" with deposition testimony, a court should disregard that affidavit as a sham and

exclude it from the evidence considered.  Id. (quoting Tippens v. Celotex Corp., 805 F.2d 949,

954 (11th Cir. 1986)).  Put succinctly, a court may disregard affidavit testimony that directly

contradicts clear deposition testimony without giving a valid explanation.  McCormick v. City of

Fort Lauderdale, 333 F.3d 1234, 1240 n.7 (11th Cir. 2003); Van T. Junkins, 736 F.2d at 656

(holding parties cannot create a genuine issue of material fact via an affidavit that contradicts,

without explanation, earlier deposition testimony).

Here, Plaintiff stated in his deposition he received medication to treat his Crohn's disease

but disagreed with the course of treatment, and so he did not take the medicines prescribed.

Doc. 79-3 at 16–18.  Now, Plaintiff denies ever receiving medication and questions the

authenticity of Defendant Pope's treatment notes reflecting prescriptions of Loperamide and

Naproxen.  Thus, Plaintiff's assertions at summary judgment directly contradict the

representations Plaintiff made in his deposition testimony.  But Plaintiff offers no explanation for

these contradictions.  Accordingly, the Court may disregard these statements about not receiving

medication even if they are part of a properly sworn to affidavit.  Van T. Junkins, 736 F.2d at

657; see also Bryant v. U.S. Steel Corp., 428 F. App'x 895, 896 (11th Cir. 2011) (affirming

district court's disregard of affidavit submitted to avoid summary judgment that "squarely

contradicted unequivocal testimony [the plaintiff] gave on deposition").

Plaintiff has also not pointed to any evidence that demonstrates Naproxen is not an

appropriate course of treatment for someone suffering from Crohn's disease and can actually

cause additional harm to a patient with Crohn's disease.[10]  Doc. 88 at 5, 19.  However, even if

Defendant Pope incorrectly prescribed Plaintiff Naproxen, this is not enough to support an

Eighth Amendment claim.  That is, even if Defendant Pope was negligent or committed

malpractice when prescribing Naproxen, Plaintiff still fails to create a genuine dispute of

material fact under the Eighth Amendment's deliberate indifference standards.  See Hutchinson

v. Wexford Health Srvcs., Inc., 638 F. App'x 930, 933 (citing Townsend v. Jefferson County,

601 F.3d 1152, 1158 (11th Cir. 2010) (holding medical personnel were not deliberately

indifferent to a serious medical need where facts they allegedly lost documents, provided

inadequate explanations of medications, and prescribed incorrect medications); Campbell v.

Sikes, 169 F.3d 1353, (11th Cir. 1999) (explaining medical malpractice cannot form the basis for

Eighth Amendment liability).

     Additionally, Plaintiff asserts Defendant Pope should have ordered a colonoscopy or

taken a stool sample to confirm his diagnosis and refused to do so because of the expense.

Doc. 79-3 at 20; Doc. 87-9 at 3, 7.  At summary judgment, Plaintiff has not produced any

evidence showing a colonoscopy or stool sample was necessary or why Defendant Pope declined

to order such diagnostic treatment.  Further, Plaintiff does not create a genuine dispute of

material fact about whether he received treatment in the form of medication.  Doc. 79-3 at 16–

18; Doc. 79-6 at 4–5; Doc. 79-7 at 3–5.  Given these undisputed facts, Plaintiff's claim amounts

to a mere disagreement with the diagnosis and treatment offered, which does not constitute an

Eighth Amendment violation.  Melton, 841 F.3d at 1224.

---

[10]     Notably, the evidence submitted by Plaintiff in his Supplemental Response also indicates anti-
diarrheal drugs, i.e., Loperamide, is an appropriate course of treatment for Crohn's disease.  Doc. 88 at
20.  Plaintiff's submission contains contradictory evidence as to whether anti-inflammatory drugs, like
Naproxen, are an appropriate course of treatment for Crohn's disease.  Compare Doc. 88 at 20 with id. at
5.

Finally, Plaintiff has not shown he has suffered any compensable injury as a result of Defendant Pope's alleged deliberate indifference.  Plaintiff does not create a genuine dispute of material fact about refusing to take the medication Defendant Pope prescribed to him.  Doc. 79-3 at 16–17.  Plaintiff has not produced any evidence or provided any argument explaining how Defendant Pope's actions caused him additional harm.  Plaintiff states he has had bowel problems since the 1990s and his symptoms come and go, typically resolving on their own.  Id. at 10–11, 34.  In fact, Plaintiff admits Defendant Pope did not cause his Crohn's disease.  Id. at 34.  Moreover, Plaintiff has not provided any evidence of damage, such as exacerbation of symptoms, caused by Defendant Pope's treatment decisions.  Thus, the record does not support a genuine dispute for trial regarding his claim against Defendant Pope related to Plaintiff's Crohn's disease because he cannot prove the essential elements of an Eighth Amendment violation.  Accordingly, Defendant is entitled to summary judgment on this claim.

**C.      Plaintiff's Claim Related to Dental Care**

Defendant is also entitled to summary judgment on Plaintiff's claim arising from Defendant Pope's alleged refusal to treat Plaintiff's dental needs.  First, Plaintiff cannot establish Defendant Pope had the requisite subjective, personal knowledge of his alleged dental needs.  Further, Plaintiff cannot establish a causal connection between Defendant Pope's conduct and any alleged injury.  Doc. 79-7 at 2–3.

The record establishes Plaintiff complained of the need for dental treatment via the jail's kiosk system.  Doc. 79-7 at 2–3.  However, absent from the record is any indication Defendant Pope knew of Plaintiff's complaints via the kiosk system, and Defendant Pope avers Plaintiff did

not complain of his dental issues when she treated him for Crohn's disease.[11]  See Doc. 79-6 at

6.  There is no dispute of material fact Defendant Pope lacked the personal knowledge necessary

for Plaintiff to prove a deliberate indifference claim.  Melton, 841 F.3d at 1223.

 Plaintiff argues Defendant Pope, as a physician working for Wayne County Jail, had an

independent duty to screen the kiosk submissions, doc. 87-1 at 1; however, Plaintiff's assertion is

unsupported by any evidence or case law indicating Defendant Pope had such a duty.  Similarly,

Plaintiff avers Defendant Pope had a duty to refer Plaintiff to a dentist to receive medical care.

Id. at 2.  Even if Defendant Pope had a duty to refer Plaintiff to a dentist, this argument still

presupposes Defendant Pope was aware of Plaintiff's dental needs.  As explained above, Plaintiff

has not pointed to any support in the record indicating Defendant Pope was actually aware of his

dental needs.  Because Plaintiff cannot establish Defendant Pope had any knowledge of his

dental needs, Defendant Pope is entitled to summary judgment.

 Likewise, Plaintiff's dental treatment claim fails because he cannot show Defendant

Pope's alleged deliberate indifference caused him any harm.  Put differently, there is no evidence

in the record establishing Plaintiff suffered from any compensable damages associated with his

alleged dental issues.  Without any evidence of injury, Plaintiff cannot establish the third element

of a deliberate indifference claim, which requires a causal connection between the constitutional

---

[11] Plaintiff repeatedly argues the jail's policy of allowing nurses and jail officials to screen kiosk complaints and schedule Defendant Pope's appointments violates his Eighth Amendment right because it amounts to treatment by those not trained to administer medical care.  Doc. 87-6 at 2.  Thus, Plaintiff appears to argue the jail's policy is unconstitutional and Defendant Pope's acquiescence to such a policy means she violated his constitutional rights.  First, Plaintiff has provided no evidence to support his contentions.  Moreover, Plaintiff is asserting this policy-and-custom for the first time at summary judgment, and Defendant Pope would plainly not be the correct defendant in such a claim.  Thus, the Court will not address whether the jail's policy of screening inmates and placing them on Defendant Pope's schedule is unconstitutional.

violation and plaintiff's injury.  Melton, 841 F.3d at 1220.  Defendant, therefore, is entitled to summary judgment on this claim.

In sum, Plaintiff has not established a genuine issue of material fact for his deliberate indifference claim against Defendant Pope related to his Crohn's disease or his lack of dental care.  Accordingly, I **RECOMMEND** the Court **GRANT** Defendant Pope's Motion for Summary Judgment.

### III.  Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues now.  See Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'"  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims and Defendant's Motion for Summary Judgment, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

Because Plaintiff has not presented a genuine issue of material fact, I **RECOMMEND** the Court **GRANT** Defendant Pope's Motion for Summary Judgment.  I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint or other filing must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A

24

party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

   **SO REPORTED and RECOMMENDED**, this 15th day of July, 2021.


         _____

         BENJAMIN W. CHEESBRO
         UNITED STATES MAGISTRATE JUDGE
         SOUTHERN DISTRICT OF GEORGIA